UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

LAWRENCE M. ZEWIEY,

    Petitioner,

v.                                                                                          Case No: 5:21-cv-449-WFJ-PRL

SECRETARY, DEPARTMENT OF
CORRECTION and FLORIDA
ATTORNEY GENERAL,

    Respondents.
_____/

## ORDER

This cause is before the Court on *pro se* Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). Petitioner is challenging his conviction entered by the Fifth Judicial Circuit in and for Citrus County, Florida, in case number 2009-CF-1178. *Id*. at 1. Court records reflect that Petitioner has previously filed a federal habeas petition in the Middle District of Florida in case number 5:13-cv-449-WTH-PRL, challenging the same Citrus County, Florida conviction that Petitioner challenges in this Petition. The petition in the previous case was denied on the merits on May 13, 2016. *See* Doc. 32, Case No. 5:13-cv-449-WTH-PRL.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), the so called "gatekeeper provision," before a second or successive petition for writ of habeas corpus can be filed with this Court, Petitioner must request permission to file the second or successive petition from

the Eleventh Circuit. Petitioner has not demonstrated that he has obtained the requisite certification from the Eleventh Circuit.

To the extent Petitioner attempts to frame his filing as a petition for a writ of mandamus,[1] he is not entitled to relief. Mandamus is available "only in drastic situations, when no other adequate means are available to remedy a clear usurpation of power or abuse of discretion." *Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1004 (11th Cir. 1997). "[A] writ of mandamus may issue only to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *In re Smith*, 926 F.2d 1027, 1030 (11th Cir. 1991) (quotation omitted). Here, Petitioner is attempting to bypass his requirement to apply for permission from the Eleventh Circuit to file a second or successive petition.

It is therefore **ORDERED** that:

1. The Petition (Doc. 1) is **DISMISSED**.

2. The **Clerk of Court** shall enter judgment accordingly and close this case.

**ORDERED** in Tampa, Florida on September 17, 2021.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

Copies to:
Petitioner Zewiey, *pro se*

---

[1] Petitioner titles his petition "In the Matter of a Petition Under 28 U.S.C. § 2254 for a Writ of Mandamus by a Person in State Custody Action for Special Review." (Doc. 1 at 1–2).